UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERQUAWNDA SHERRELL, an individual, and as parent and legal guardian of K.S., a minor, and A.S., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>LEGACY PARTNERS, INC., a foreign profit corporation licensed in the State of Washington; COPPER RIDGE RENTON, LLC, a foreign limited liability company; and ABC Corp, whose true identity is unknown; DEF Corp, whose true identity is unknown,<br><br>Defendants. | NO. 25-cv-00459-JHC<br><br>ORDER GRANTING DEFENDANT LEGACY PARTNERS' MOTION FOR SUMMARY JUDGMENT |

## I

## INTRODUCTION

This matter comes before the Court on Defendant Legacy Partners' Motion for Summary Judgment. Dkt. 21. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. Being fully advised, for the reasons

below, the Court GRANTS the motions and DISMISSES all claims against Defendant Legacy Partners with prejudice.

## II

## DISCUSSION

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is "material" if it "might affect the outcome of the suit[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a factual dispute is "genuine" if "there is sufficient evidence for a reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248–49).

The party moving for summary judgment bears the initial burden of showing that there is no genuine dispute as to any material fact and that they are entitled to prevail as a matter of law on all claims for which they seek summary judgment. *See Celotex*, 477 U.S. at 323. To carry this burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets its burden of production, the burden then shifts to the nonmoving party to identify specific facts from which a factfinder could reasonably find in its favor. *See Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 250. And while the court must draw all "justifiable

inferences" in the nonmoving party's favor, "[t]he mere existence of a scintilla of evidence in support of [that party's] position will be insufficient[,]" and missing facts will not be presumed. *Anderson*, 477 U.S. at 252, 255; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990).

Defendant Legacy Partners shoulders its initial burden by showing that Plaintiff does not have enough evidence—i.e., regarding general or specific causation as to the mold and injuries at issue—"to carry its ultimate burden of persuasion at trial." *See Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1102; Dkt. # 21. It notes the absence of any expert testimony regarding these matters, and that the deadline for disclosing experts has passed. *Id.* And Washington law appears to reflect that expert testimony is indeed required for such issues. *See Riggins v. Bechtel Power Corporation*, 44 Wn. App. 244, 254 (1986) ("Where the injury involves obscure medical factors which are beyond an ordinary law person's knowledge, necessitating speculation in making a finding, *there must be expert testimony* that the negligent act probably caused the injury." (emphasis added)). In response, Plaintiffs provide no evidence of general or specific causation; nor do they persuasively explain how they can avoid summary judgment when they have not timely disclosed any experts regarding general or specific causation. *See* Dkt. 26.

Defendant Legacy Partners also shoulders its initial burden by pointing out that, during the discovery process, Plaintiffs identified only personal injury damages. Dkt. # 21; Dkt. 22 at 9-10 (Initial Disclosures), 21 (Answer to Interrogatory No. 3 by K.S.), 22 (Answer to Interrogatory No. 12 by Jerquawnda Sherrell), and 54 (Answer to Interrogatory No 3 by A.S.). Plaintiffs now purport to seek other types of damages. Dkt. # 26 at 911. But Plaintiffs do not explain how their failure to provide information regarding these other types of damages was substantially justified or harmless; in this regard, the Court notes that the discovery cutoff was back on September 21,

2026 (Dkt. 18), i.e., to allow Plaintiffs to proceed with claims for undisclosed damages would presumably not be harmless. Dkt. # 27 at 8 (this "would require another trial continuance"). And so Federal Rule of Civil Procedure 37(c)(1) bars any claim for damages beyond personal injuries. *See Inteum Co., LLC v. Nat'l Univ. of Singapore*, 2019 WL 1282014, at *2 (W.D. Wash. Mar. 20, 2019). Nor do Plaintiffs present any evidence of such damages.

## III

## CONCLUSION

For the above reasons, the Court GRANTS the motion and DISMISSES all claims against Defendant Legacy Partners with prejudice.

Dated this 23rd day of November, 2026.

John H. Chun

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE